Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

*March 02, 2022*

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | CR. NO. H-22- **126** |
| DYLAN KINLOCK § | |
| FELICIA GARZA § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

**A.     INTRODUCTION**

At all times relevant to this indictment:

1. The Coronavirus Aid, Relief, and Economic Security (CARES) Act is a federal law enacted on March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

2. One source of relief provided by the CARES Act was the authorization of over $300 billion in loans to small businesses for job retention and certain other expenses through several programs to include a program referred to as the Paycheck Protection Program (PPP).

3. PPP loan proceeds must be used by the recipient on certain permissible expenses such as payroll costs, interest on mortgages, rent and utilities.  The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on approved expense items within a designated period of time.

1

## COUNT 1
(Conspiracy - 18 U.S.C. § 1349)

**A.  INTRODUCTION**

4. The Grand Jury adopts, realleges, and incorporates the allegations in paragraphs 1-3 of the Introduction of this Indictment as if set out fully herein.

**B.  THE CONSPIRACY AND ITS OBJECTS**

5.  From on or about April 1, 2020 and continuing until on or about August 25, 2021, in the Houston Division of the Southern District of Texas and elsewhere,

**DYLAN KINLOCK, and
FELICIA GARZA,**

Defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or sounds, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

**C.  THE MANNER AND MEANS OF THE CONSPIRACY**

The manner and means of the conspiracy were as follows:

6. The Defendants devised a scheme to solicit others to apply for fraudulent PPP loans offered by the CARES Act.

7. The Defendants would use the personal information of their clients and create false documents to qualify for a PPP Loan available to self-employed individuals.

8. The false documents created by the Defendants included Schedules C, Profit

or Loss from a Business, Forms 1099 Miscellaneous Income and invoices showing income that was never received but qualified the client for the PPP Loan for self-employed individuals.

9. As part of the loan application process, KINLOCK required each of his clients to execute a contract with him in which they agreed to share the proceeds of their PPP Loan with him. These contracts were sent to KINLOCK in Orlando, Florida from the Houston Division of the Southern District of Texas by use of interstate wire communications facilities.

10. After the client received their PPP Loans, KINLOCK directed the client to send him his fee through various means including direct deposit into KINLOCK's bank account or other electronic payment methods.

11. Defendant KINLOCK participated in at least 241 fraudulent PPP Loans that were approved and that led to the distribution of at least $4,844,274.00 of CARES Act money. KINLOCK received at least $939,379.00 in fee income from individuals he assisted in securing fraudulent PPP Loans.

**D.   OVERT ACTS**

12. In furtherance of the conspiracy, and to effect the objects thereof, the conspirators performed and caused to be performed, among others, the overt acts set forth in Counts Two through Seven of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the indictment. They also performed the following overt acts:

a. On or about June 17, 2020, the Defendants applied for a fraudulent PPP Loan in the name of Defendant FELICIA GARZA in the amount of $20,833.00.

b. On or about March 3, 2021, the Defendants applied for a fraudulent PPP Loan in the name of Defendant FELICIA GARZA in the amount of $14,872.00.

In violation of Title 18, United States Code, Section 1349.

## COUNTS 2- 7
### (Wire Fraud - 18 U.S.C. § 1343)

**A.  INTRODUCTION**

1. The Grand Jury adopts, realleges, and incorporates the allegations in paragraphs 1-3 of the Introduction of this Indictment as if set out fully herein.

**B.  THE SCHEME AND ARTIFICE**

2. From on or about April 1, 2020, until at least on or about August 25, 2021, in the Houston Division of Southern District of Texas, and elsewhere,

**DYLAN KINLOCK, and
FELICIA GARZA,**

Defendants herein, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or sounds, as more fully set forth in the counts below.

**C.  MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

3. Among the manner and means by which the Defendants sought to accomplish and did accomplish the purpose of the scheme to defraud are the acts set forth in paragraphs 6 through 11 of Count One of this Indictment, hereby re-alleged and incorporated as if fully set forth in these counts.

**D.  EXECUTION OF THE SCHEME AND ARTIFICE**

4. The Defendants caused interstate wire communications facilities to be utilized in the scheme in several different ways. On or about the dates alleged in the Counts below, the

Defendants caused their clients to send a services contract to Defendant KINLOCK in Orlando, Florida, from the Houston Division of the Southern District of Texas, as described below:

| COUNT | DATE | PPP LOAN APPLICANT |
|---|---|---|
| TWO | July 19, 2020 | K.D. |
| THREE | July 20, 2020 | C.C. |
| FOUR | July 27, 2020 | K.C. |
| FIVE | February 8, 2021 | C.C. |
| SIX | February 9, 2021 | K.D. |
| SEVEN | March 4, 2021 | K.C. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE
(18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A))

1.     The allegations contained in Counts 1-7 of this Indictment/Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18 United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses set forth in Counts 1-7 of this Indictment/Information, the defendants, DYLAN KINLOCK and FELICIA GARZA shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).   The property to be forfeited includes, but is not limited to, the following: real property located at 5818 Cheshire

Cove Terrace, Orlando, Florida 32829.

    3.    If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the value of the property subject to forfeiture.

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.

TRUE BILL:

**Original Signature on File**

FOREPERSON OF THE GRAND JURY

JENNIFER B. LOWERY
United States Attorney

_____
JAY HILEMAN
Assistant United States Attorney